IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,

    Vs.                                No.  10-40009-04-SAC

MARCEL PEARL,

               Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objections to the presentence report ("PSR"). The defendant pleaded guilty to count one of the indictment that charged him with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The PSR recommends a base offense level of 26 calculated from only the marijuana seized in the traffic stop on May 24, 2009, less a two-level safety valve reduction pursuant to U.S.S.G. § 2D1.1(b)(11), less a three-level role reduction pursuant to U.S.S.G. § 3B1.2, and less a three-level acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1. With a total offense level of 18 and a criminal history category of one, the advisory guideline sentencing range is 27 to 33 months. The 60-month mandatory minimum set by statute is not controlling, because the

defendant meets the criteria of 18 U.S.C. § 3553(f).

The addendum to the PSR reflects that the defendant objects to not receiving the maximum four-level reduction for minimal role. The addendum also includes the defendant's request for a variant sentence and couches the same as an objection. The defendant has filed a sentencing memorandum discussing the role objection and the sentencing factors under § 3553(a) in support of a variant sentence. (Dk. 144). The defendant recently filed a supplemental sentencing memorandum requesting an additional two-level reduction pursuant to a temporary amendment to the guidelines effective November 1, 2010, that added a specific offense characteristic U.S.S.G. § 2D1.1(b)(15) for minimal participants acting on certain motives without monetary compensation and with minimal knowledge. (Dk. 149).

The defendant objects that the PSR recommends only a three-level role reduction rather than the four-level reduction for minimal role. The Sentencing Guideline's mitigating role adjustments are intended "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 comment. (n.3(A)). Application of the adjustment depends heavily "upon

2

the facts of the particular case.  "As with any other factual issue, the court,

in weighing the totality of the circumstances, is not required to find, based

solely on the defendant's bare assertion, that such a role adjustment is

warranted."  *Id.* at comment. (n.3(C)).  The burden of proving minor or

minimal participation rests with the defendant.  *United States v. Eckhart*,

569 F.3d 1263, 1276 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1752 (2010).

A minimal role adjustment is limited to those defendants "who

are plainly among the least culpable of those involved in the conduct of the

group."  U.S.S.G. § 3B1.2 comment. (n. 4).  Indicative of a minimal role is a

defendant's "lack of knowledge or understanding of the scope and structure

of the enterprise and of the activities of others."  U.S.S.G. § 3B1.2,

comment. (n.4).  The commentary also suggests that this downward

adjustment should be used infrequently. *Id.*

The defendant has not carried his burden of showing the level

of culpability consistent with a minimal participant.  The facts as stated in

the PSR do not support such a finding.  The defendant's sentencing

memoranda asserts certain propositions as not proved false by the PSR.

This is not evidence.  There is no evidence to prove that the defendant did

not ask nor was ever told the purpose of the trips, that the defendant "idled

the days away in ignorance of the plan unfolding around him," (Dk. 144, p. 3), and that the defendant "did nothing to actively further it [conspiracy], and received nothing from his limited participation in it," (Dk. 144, p. 5). The court does not have any statement from any witness to support these assertions.

The factual basis of the defendant's plea as appearing in the plea agreement is not consistent with these sweeping assertions. "Hutchinson and Bell had been instructed by Benton and Pearl not to stop during the trip. Benton and Pearl escorted the women on the trip to Arizona, driving a black SUV." (Dk. 119, p. 12). "Hutchinson, Bell, Benton, and Pearl all then flew back to Detroit, with instructions from Rutherford, who appeared unhappy with the situation, to be ready for the next trip." (Dk. 119, p. 13). "Hutchinson and Bell, acting on instructions from Rutherford, traveled from Ohio to a hotel in Detroit and were met by Benton and Pearl with the pick-up and trailer. The four traveled to Phoenix, Arizona, arriving in the early morning on March 21, 2009." *Id.* "Benton drove the women to the storage facility, where he hooked-up the trailer, which was inside the storage unit, to the pick-up. Pearl then arrived at the storage facility in Benton's car." (Dk. 119, p. 14). Benton and Pearl had

been escorting the pickup and trailer when it was stopped in Kansas and

officers then found the marijuana in the trailer.  *Id.*  The factual basis

concludes with this paragraph:

> The admissions of Hutchinson and Bell combined with the
> information developed by DEA through its follow-up investigation of
> travel, financial, vehicle, and telephone records, and the later money
> seizure from LEWIS and BENTON in October of 2009, demonstrate
> that the defendants, were associated and acting pursuant to an
> agreement to possess, transport, and distribute marijuana that was
> ongoing prior to, and continued subsequent to, HUTCHINSON's and
> BELL's voluntarily (sic) involvement during approximately the first
> three months of 2009.

(Dk. 119, pp. 14-15).  As a named defendant, Pearl has admitted to having

been associated with and acting pursuant to the conspiracy agreement

prior to and subsequent to Hutchinson's and Bell's involvement.

There is nothing of record to show that the defendant received

"nothing" for his involvement, (Dk. 144, p. 5), and was not given "any type

of monetary compensation related to activities with Rutherford and

Benton," (Dk. 149, p. 2).  The PSR shows that the defendant was not

employed from December 5, 2008 through December 28, 2009, and it was

during this period that the offense in question was committed.  There is no

evidence showing that the defendant paid his own travel expenses for

these trips to and from Arizona or that he even had the resources to pay

them.

Without credible proof, the defendant has not carried his burden of proving he is entitled to the four-level minimal role reduction. Unable to show he is a minimal participant, the defendant is not qualified to receive the additional two-level reduction under the temporary amendment at U.S.S.G. § 2D1.1(b)(15). Even if he had proved the minimal participant role, the court would deny the reduction for lack of proof that the defendant received no monetary compensation.

As for the defendant's arguments in favor of a variance, the court will address those factors and the request at the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR as set forth in the addendum and argued in his sentencing memorandum (Dk. 144) and supplemental sentencing memorandum (Dk. 149) are overruled.

Dated this 8th day of November, 2010, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge